UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DeVaughn Stringfellow,** | ) | FILED: AUGUST 12, 2008 |
| | ) | |
| **Plaintiff,** | ) | No. 08CV4570 |
| | ) | JUDGE KENNELLY |
| vs. | ) | Judge MAGISTRATE JUDGE COLE |
| | ) | YM |
| **City of Chicago, Chicago Police Officers** | ) | Magistrate |
| **John Doe #1 and John Doe #2,** | ) | |
| | ) | |
| **Defendants.** | ) | **Jury Demand** |

### COMPLAINT

**JURISDICTION**

The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq.; the Judicial Code, 28 U.S.C. §§1331 and 1343(a); the Constitution of the United States; and pendent and supplementary jurisdiction, pursuant to 28 U.S.C. §1367.

**PARTIES**

1. Plaintiff DeVaughn Stringfellow is a resident of the United States and the City of Chicago.

2. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of the defendant police officers.

3. Defendants John Does #1 and 2 are duly appointed Chicago Police officers who engaged in the conduct complained of in the course and scope of their employment with the City of Chicago and while they were on duty.

4. At all times material to this complaint, the police officer defendants were acting under

1

color of state law, ordinance, and/or regulation. Each is sued in his individual capacity.

**FACTS**

5. Plaintiff Devaughn Stringfellow is a 34 year old African American man.

6. On or about August 16, 2007, Plaintiff happened to be at 73rd and Marshfield, at the moment police, apparently responding to a call that a store had been burglarized, were chasing several men. Plaintiff's presence at this location was lawful.

7. Defendant John Doe #1, a uniformed Chicago police officer, grabbed Plaintiff, handcuffed him behind his back, and took him into the alley, while Plaintiff protested that he had done nothing.

8. Defendants John Does #1 and 2 had no reasonable belief or suspicion to believe that Plaintiff had violated any law.

9. In the alley, Defendant John Doe #2, a white Chicago police officer in plain clothes, threw Plaintiff to the ground and kicked him several times in and about the face and head.

10. Defendant John Doe #1 witnessed Defendant John Doe #2's violent, unreasonable conduct, but Defendant John Doe #1, who was present and had the opportunity and the duty to intervene, failed or refused to do so to prevent this use of excessive force by his fellow officer.

11. Defendant John Doe #2 then picked Plaintiff off the ground, with Plaintiff bleeding profusely from the face and head, and walked Plaintiff to a nearby police wagon.

12. Defendant John Doe #2 instructed the African American police officers assigned to the wagon to transport Plaintiff to the police station. They suggested calling an ambulance, as Plaintiff was obviously seriously injured. Defendant Doe #2 nevertheless insisted that they transport Plaintiff to the police station.

13. The next thing Plaintiff recalls is waking up at St. Bernard Hospital, with Defendant John Doe #2 at his side, and hearing Defendant John Doe #2 falsely explain Plaintiff's injuries to a health care provider, telling her that Plaintiff had fallen or jumped off a building.

14. Defendants arrested Plaintiff and charged him with an offense he did not commit, as a direct and proximate result of which Plaintiff has ever since been deprived of his liberty.

15. As a direct and proximate result of the acts of these defendants, as detailed above, Plaintiff has suffered and continues to suffer, *inter alia*, physical pain, mental distress, humiliation, loss of liberty and loss of wages.

## COUNT I
### [Section 1983 Claim for Excessive and Unreasonable Use of Force
### Defendant John Doe #2]

16. Plaintiff realleges paragraphs 1-15 as though fully set forth herein..

17. The actions of the Defendant John Doe #2, in using excessive and unreasonable force, violated plaintiffs' rights under the Fourth Amendment to the United States Constitution to be secure in his person and to not be subjected to unreasonable searches and seizures.

18. The actions of Defendant John Doe #2, as set forth above, were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's physical injuries, mental distress, anguish, and humiliation.

WHEREFORE, Plaintiff demands compensatory damages from Defendant John Doe #2. Additionally, because this defendant acted maliciously, wilfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff demands punitive damages from this defendant. Plaintiff also demands costs and attorneys' fees and whatever additional relief this Court deems equitable and just.

## COUNT II
**[Section 1983 Claim for Excessive and Unreasonable Use of Force, Failure to Intervene Defendant John Doe #1]**

19. Plaintiff realleges paragraphs 1-15 as though fully set forth herein.

20. The actions of the Defendant John Doe #1, in failing or refusing to intervene as set forth above, violated plaintiffs' rights under the Fourth Amendment to the United States Constitution to be secure in his person and to not be subjected to unreasonable searches and seizures.

21. The actions of Defendant John Doe #1, in failing or refusing to intervene as set forth above, were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's physical injuries, mental distress, anguish, and humiliation.

WHEREFORE, Plaintiff demands compensatory damages from Defendant John Doe #1. Additionally, because this defendant acted maliciously, wilfully, wantonly, and/or in reckless disregard for the Plaintiff's constitutional rights, Plaintiff demands punitive damages from this defendant. Plaintiff also demands costs and attorneys' fees and whatever additional relief this Court deems equitable and just.

## COUNT III
**[Sec. 1983 Claim for False Arrest, Imprisonment and Prosecution Without Probable Cause Defendants John Does #1 and 2]**

22. Plaintiff realleges paragraphs 1 through 15 as though fully set forth herein.

23. The actions of the defendants in falsely arresting, detaining and imprisoning Plaintiff without probable cause violated his Fourth Amendment right to be free from unreasonable search, arrest and seizure, and his Fourteenth Amendment right to due process of law.

24. These defendants' charging and prosecution of Plaintiff, without probable cause, with the attendant filing of false reports and the making of false statements which resulted in further detention and imprisonment, were done, *inter alia*, to cover up the defendants' wrongdoings; shield them from civil and criminal prosecution, internal discipline and civil liability; and obtain false convictions in order to defeat Plaintiff's civil claims, thus violating Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable search, arrest, detention and imprisonment and to due process of law.

25. The actions of the defendants in falsely and/or maliciously arresting, charging, detaining, imprisoning and prosecuting Plaintiff and covering up their own misconduct were the direct and proximate cause of the constitutional violations set forth above, and of Plaintiff's injuries, pain, suffering, anguish and humiliation, as well as of the indignity of having to appear in Court to answer said charges.

WHEREFORE, Plaintiff seeks compensatory damages jointly and severally against defendants John Does #1 and 2 to compensate for the injuries caused by their wrongful, illegal and unconstitutional acts; punitive damages against these defendants; attorney's fees and costs; and any additional relief this Court deems just and equitable.

### COUNT IV
### [State Assault and Battery
### John Doe #2]

26. Plaintiff realleges paragraphs 1 through 15 as though fully set forth herein.

27. The acts of defendant John Doe #2, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful or offensive nature, and thus constitute assault and battery under the laws and constitution of the State of Illinois. Further, such acts

directly and proximately caused Plaintiff's injuries, pain and suffering as alleged above.

28. Defendant Doe #2's actions in assaulting and battering Plaintiff were willful and wanton.

WHEREFORE, Plaintiff seeks compensatory damages to compensate for the injuries caused by defendant John Doe #2's wrongful, illegal and unconstitutional acts; punitive damages against ths defendant; attorney's fees and costs; and any additional relief this Court deems just and equitable.

## COUNT V
### [State Claim of False Arrest and Imprisonment
### Defendants John Does #1 and 2]

29. Plaintiff realleges paragraphs 1 through 15 as though fully set forth herein.

30. The stop, arrest and imprisonment of Plaintiff, without probable cause, individually and jointly by defendants, constitute the tort of false arrest and imprisonment under Illinois law.

31. Defendants' actions in arresting and imprisoning Plaintiff were willful and wanton.

WHEREFORE, Plaintiff seeks compensatory damages, jointly and severally, to compensate for the injuries caused by defendants' wrongful, illegal and unconstitutional acts; punitive damages against these defendants; attorney's fees and costs; and any additional relief this Court deems just and equitable.

## COUNT VI
### [State Law Claim for Intentional Infliction of Emotional Distress
### Defendants John Doe # and John Doe #2]

32. Plaintiff realleges paragraphs 1 through 15.

33. The conduct and actions of defendants as set forth above, were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high

6

probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

34. As a direct and proximate result of defendants' extreme and outrageous conduct, Plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

WHEREFORE, Plaintiff demands compensatory damages against defendants plus the costs of this action and such other and additional relief as this Court deems equitable and just.

## COUNT VII
### [Claim for Respondeat Superior Against Defendant City of Chicago]

35. Plaintiff realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant police officers were, at all times material to this complaint, employees of the Defendant City of Chicago, were acting in the scope of their employment, and their acts, which violated state law, are directly chargeable to Defendant City of Chicago under state law pursuant to respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages against the City of Chicago, plus costs of these actions and whatever additional relief this Court deems equitable and just.

## COUNT VIII
### [745 ILCS 10/9-102 Claim Against Defendant City of Chicago]

37. Plaintiff realleges paragraphs 1 through 34 as though fully set forth herein.

38. Defendant City of Chicago was the employer of defendants at all times relevant to this complaint.

39. Defendants committed the acts alleged above in the scope of their employment as employees of the City of Chicago.

WHEREFORE Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the defendant City of Chicago in the amount awarded to Plaintiff against any and all defendants as a judgment, and/or for any settlement entered into between the Plaintiff and any defendant and for whatever additional relief this Court deems equitable and just.

Dated: August 11, 2008

Respectfully submitted,

/s/ Jan Susler
Jan Susler
People's Law Office
1180 N. Milwaukee Avenue
Chicago, Illinois 60622
773/235-0070

Attorney for Plaintiff

**Plaintiff demands a jury trial on each and every count of this Complaint.**